IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Faron Leonard Delores,<br><br>　　　　　　Defendant. | No.　4: 15-CR-1429-TUC-JAS<br><br>**ORDER** |

　　　　Pending before the Court is the Government's Motion in Limine to Preclude Testimony of Dr. Bruce Parks (Doc. 49).  For the reasons discussed below, the motion is DENIED.

　　　　The Government argues that the expert testimony should be precluded because Defendant did not timely disclose his intention to call Dr. Parks as a witness.  Although the Government is correct that the disclosure occurred after the Court's deadline for pretrial motions, Defendant appears to have complied with the parties' disclosure agreement and agreed to a stipulated extension of the deadline for any potential motion in limine.  And in any case, the Court would not impose the serious sanction of excluding the witness given the apparent importance of the testimony to Defendant's case.  *See, e.g.*, *United States v. Peters*, 937 F.2d 1422, 1426 (9th Cir. 1991) ("For this reason, the Court has upheld the drastic remedy of excluding a witness only in cases involving "willful and blatant" discovery violations.").

　　　　The Government also argues that the witness should be excluded under Federal

Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–95, (1993). The Government correctly points out that ethical concerns prevent doctors and medical researchers from performing the type of double-blind studies that are the gold standard in other scientific disciplines. However, the *Daubert* factors are non-exhaustive, and to assist the jury in its fact-finding mission, a "trial court should admit medical expert testimony if physicians would accept it as useful and reliable." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006). The Court finds that Dr. Parks' testimony would be accepted as useful and reliable. His *curriculum vitae* reveals that Dr. Parks held several positions which required him to perform a similar type of analysis as that contained in his expert report.

This case is currently scheduled to have a final pre-trial conference on Friday, April 15, 2016. If the Government wishes a brief continuance of the trial to procure a rebuttal expert witness, it must file a motion ON OR BEFORE THURSDAY, APRIL 14, 2016.[1]

Dated this 13th day of April, 2016.

Honorable James A. Soto
United States District Judge

---

[1] The Government previously suggested that the trial could not be continued because there was a victim in the case. However, 18 U.S.C. § 3771 only states that "A crime victim has the following rights: … (7) The right to proceedings free from unreasonable delay." Although the Court did not find a Ninth Circuit opinion directly on point, it appears that "courts have consistently found that this provision does not provide any substantive right, but rather confers participatory rights on the victim, that is, the right to object to delay and ask the Court to hold both government and defendant to what the Speedy Trial Act already requires." *Jordan v. Dept. of Justice*, 2016 WL 1271070, at *6 (2016) (internal citations omitted). "Indeed, the Senate sponsors of the CVRA were explicit in their view that the statutory right to proceedings free from unreasonable delay neither curtails the Government's need for reasonable time to organize and prosecute its case nor infringes on the defendant's due process right to prepare a defense." *Id.* Because the expert witness appears to be central to the Defendant's case, the Court finds that a short delay to procure a rebuttal witness would not be unreasonable.